IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

GARY P. ABT,

                Plaintiff,                OPINION AND ORDER

v.

                                              24-cv-264-wmc

DONNA JOHNSON and
JENNA PARKS,

                Defendants.

Plaintiff Gary P. Abt, who is representing himself, is currently incarcerated by the Wisconsin Department of Corrections ("DOC") at the Stanley Correctional Institution ("SCI"). Abt was granted leave to proceed with First Amendment claims against defendants Correctional Officer Donna Johnson and Lieutenant Jenna Parks for denying him photographs that he ordered through the mail. (Dkt. #6.) Defendants have filed a motion for summary judgment on the ground that Abt failed to exhaust administrative remedies on his claims. (Dkt. #15.) Abt has filed a cross-motion for summary judgment in response. (Dkt. #21.) For reasons explained below, defendants' motion for summary judgment will be granted, plaintiff's motion will be denied, and this case will be dismissed.

UNDISPUTED FACTS[1]

Abt alleges that, while confined at SCI in February 2023, he ordered 20 photographs from "CNA Entertainment." After the photographs were delivered to the prison mailroom on April 14, 2023, defendant Johnson notified Abt the same day that five of those photographs

---

[1] The facts in this section are taken from the summary-judgment record, which the court has viewed "in the light most favorable to the [plaintiff] and constru[ed] all reasonable inferences from the evidence in his favor." *Moore v. Western Ill. Corr. Ctr.*, 89 F.4th 582, 590 (7th Cir. 2023).

were pornographic or offensive in nature and would not be given to him.[2] Johnson prepared a "Notice of Non-Delivery of Mail/Publication" form, which Abt signed, explaining the reason for non-delivery and giving him two options: (1) send the photographs home or elsewhere; or (2) dispose of the photographs. (Johnson Decl. Ex. 1003 (dkt. #18-1) at 1.) Although Abt disputed that the photographs were pornographic, he chose the second option, believing that by disposing of the five objectionable photographs, he would receive the other 15.

When Abt did not receive the other 15 photographs, he submitted an information request form (DOC-0643) on April 15, 2023, seeking an explanation. Another mailroom official responded, asking "what are you referring to?" Abt then submitted a second information request on April 17, 2023, referencing the Notice of Non-Delivery that he received on April 14 and requesting the 15 photographs that were not deemed pornographic. On April 23, 2023, Johnson responded to that request and explained that the "whole page" of photographs were being denied because of the ones that were not allowed. (Greenwood Decl. Ex. 1001 (dkt. #17-2) at 18; Johnson Decl. (dkt. #18) ¶ 9.)

Unsatisfied with Johnson's response, Abt sent an information request to a ranking official (defendant Parks) and demanded the 15 photographs. Johnson answered that request on April 29, 2023, explaining that because there were multiple photographs on one page, the full page was denied because of the photographs that were pornographic in nature. (Greenwood Decl. Ex. 1001 (dkt. #17-2) at 20; Johnson Decl. (dkt. #18) ¶ 11.) Still unsatisfied, Abt contacted Parks about his photographs by email on April 30, 2023, and she forwarded his inquiry to several other officials to determine if they had been destroyed. (Pl. Ex. 1000-004

---

[2] A page of the catalog, which features 80 photographs, is included in the record. (Greenwood Decl. Ex. 1001-024 (dkt. #17-2) at 24.)

(dkt. #22-4) at 1.) Abt contends that Parks finally followed up with him on May 9, 2023, advising that he could not have any of the photographs. Abt filed an inmate complaint (SCI-2023-7311) about the non-delivery of his photographs on May 19, 2023, requesting all 20 of the photographs that he ordered or compensation for the purchase price. (Greenwood Decl. Ex. 1001 (dkt. #17-2), at 8.)

OPINION

The Prison Litigation Reform Act ("PLRA") bars a prisoner's civil action about prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To satisfy the exhaustion requirement, a prisoner must follow all the prison's rules for completing its grievance process. *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). This requires: (1) following instructions for filing an initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The exhaustion requirement, which is mandatory, is designed to afford prison administrators an opportunity to investigate and resolve grievances without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). A prisoner is required to provide notice of his claim by specifying "the nature of the wrong for which redress is sought . . . [to give] prison officials a fair opportunity to address his complaint." *Jackson v. Esser*, 105 F.4th 948, 959 (7th Cir. 2024) (internal quotations and citations omitted). Thus, exhaustion is required "even if . . . the prisoner believes that exhaustion is futile." *Dole v. Chandler*, 438 F.3d 804, 808-09 (7th Cir. 2006); *see also Thornton v. Snyder,* 428 F.3d 690, 694 (7th Cir. 2005) ("An inmate's perception that exhaustion would be futile does not excuse him from the exhaustion

3

requirement."). However, a prisoner's failure to exhaust is an affirmative defense, which defendants must accordingly prove. *Davis v. Mason*, 881 F.3d 982, 985 (7th Cir. 2018). In particular, at summary judgment, defendants must show that there is no genuine dispute of material fact as to plaintiff's failure to exhaust, and therefore, they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

To exhaust administrative remedies for a civil rights claim, a Wisconsin prisoner must follow the Inmate Complaint Review System ("ICRS") process set forth in Wisconsin Administrative Code Chapter DOC 310, which first requires inmates to attempt to resolve the issue by following a "designated process specific to the subject of the complaint." Wis. Admin. Code § DOC 310.07(1). The inmate may then file a complaint with the Institution Complaint Examiner ("ICE"), which, absent good cause, must be filed "within 14 days after the occurrence giving rise to the complaint." *Id*. § DOC 310.07(2). Once the complaint is received, the ICE shall either reject the complaint or send a recommendation to the appropriate reviewing authority within thirty days from the date of receipt. *Id*. § DOC 310.10(9). If the complaint is rejected, the inmate may appeal the rejection to the appropriate reviewing authority within ten days. *Id*. § DOC 310.10(10).

The Seventh Circuit applies a "strict compliance approach to exhaustion." *Dole*, 438 F.3d at 809. This means that if a prisoner failed to complete any step in the exhaustion process before bringing his lawsuit, the court must dismiss his claims. *Perez v. Wis. Dep't of Corrs.*, 182 F.3d 532, 535 (7th Cir. 1999). "Substantial compliance with administrative remedies" is insufficient to satisfy the exhaustion requirement. *Farina v. Anglin*, 418 F. App'x 539, 543 (7th Cir. 2011) (citing *Booth v. Churner*, 532 U.S. 731, 739 (2001), and *Dole*, 438 F.3d at 809).

Here, defendants argue that they are entitled to summary judgment because plaintiff

4

filed only one inmate complaint regarding his claims in this suit but it was rejected by the ICE. Plaintiff filed an inmate complaint (SCI-2023-7311) about the non-delivery of his photographs on May 19, 2023. (Greenwood Decl. Ex. 1001 (dkt. #17-2), at 8.) Because plaintiff was notified of the non-delivery on April 14, 2023, the ICE rejected the inmate complaint the same day that it was filed for being beyond the 14-day limit found in Wis. Admin Code § DOC 310.07(2), which provides as follows:

> An inmate shall file a complaint within 14 days after the occurrence giving rise to the complaint. At the discretion of the ICE, a late complaint may be accepted for good cause. An inmate shall request to file a late complaint in the written complaint and explicitly provide the reason for the late filing.

Specifically, plaintiff's inmate complaint was rejected as late because filed more than 14 days after April 14, 2023, and did not contain: (1) a "plea for good cause"; or (2) evidence showing that he was "denied the use of or inhibited in any way from using the ICRS since the date of the occurrence." (Greenwood Decl. Ex. 1001 (dkt. #17-2) at 2.)

It is undisputed that plaintiff's only relevant inmate complaint was rejected as untimely. Prisoners are required to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo*, 286 F.3d at 1025. The exhaustion requirement is not fulfilled "by the filing of an untimely or otherwise procedurally defective administrative grievance or appeal." *Woodford*, 548 U.S. at 83-84; *see also Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005) ("[A] prison grievance rejected solely on the basis of untimeliness will not fulfill the exhaustion requirement."); *Torry v. Salter,* No. 11-cv-748-wmc, 2013 WL 6238608, at *3 (W.D. Wis. Dec. 3, 2013) ("Regardless of the exact reason for rejecting the complaint, a rejected complaint cannot be exhausted.") (citations omitted).

As noted above, an ICE may accept a late inmate complaint if the inmate shows good cause for filing beyond the 14-day limit. Wis. Admin. Code §§ DOC 310.07(2), 310.10(6)(e).

5

Whether good cause has been shown is determined at the ICE's discretion. *Shaw v. Chapman*, No. 20-cv-852, 2021 WL 5326640, at *5 (E.D. Wis. Nov. 16, 2021) ("Any request or need for good cause is evaluated on a case-by-case basis and is determined at the ICE's discretion."). Wisconsin's regulations required plaintiff to "'explicitly' justify his untimeliness" in his inmate complaint. *Fitzpatrick v. Fruehbrodt*, 843 F. App'x 814, 815 (7th Cir. 2021) (citing Wis. Admin. Code § DOC 310.07(2)). Here, the ICE determined that plaintiff's inmate complaint did not include a plea for good cause to excuse the 14-day limit or show that he was otherwise unable to access the ICRS during the relevant time. (Greenwood Decl. Ex. 1001 (dkt. #17-2) at 2.)

Nevertheless, plaintiff argues that there was good cause for filing his inmate complaint beyond the 14-day time limit because he believed he needed to follow the chain of command by raising his objections to the non-delivery of his photographs with defendant Parks and there were delays in receiving responses to his requests for information. (Dkt. #22, at 7.) Although plaintiff blames his failure to comply with mandatory deadlines on mail room personnel and Parks, it is undisputed that he received notice on April 14, 2023, that several of the photographs were denied, and he knew by April 23, 2023, that he was not going to receive any of the photographs that he ordered, which still left ample time to file a formal inmate complaint within 14 days of the initial denial. (Greenwood Decl. Ex. 1001 (dkt. #17-2) at 18; Johnson Decl. (dkt. #18) ¶ 9.) DOC's procedures do require an inmate to attempt informal resolution of a claim but, contrary to plaintiff's argument, they do not require an inmate to seek redress up the entire chain of command. Wis. Admin. Code § DOC 310.07(1). Even if plaintiff incorrectly believed otherwise, "he should have 'err[ed] on the side of exhaustion' and timely

6

initiated the formal grievance process."[3] *Williams v. Rajoli*, 44 F.4th 1041, 1046 (7th Cir. 2022) (quoting *Ross v. Blake*, 578 U.S. 632, 644 (2016)). Because DOC procedure plainly requires an inmate complaint within 14 days of the "occurrence" that forms the basis of the inmate complaint, Wis. Admin. Code § DOC 310.07(2), and not the date informal resolution is completed, plaintiff's delay in filing his inmate complaint beyond the 14-day limit is not excused. *Williams*, 44 F.4th at 1046; *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006) ("when the prisoner causes the unavailability of the grievance process by simply not filing a grievance in a timely manner, the process is not unavailable but rather forfeited").

As this record shows, the inmate complaint that plaintiff filed to challenge the denial of his photographs on April 14, 2023, was rejected as untimely and without good cause for missing the 14-day time limit. Thus, plaintiff failed to present or pursue the substance of his claims through all steps of the administrative remedy process, as required for exhaustion. *Pozo*, 286 F.3d at 1024; *see also Woodford*, 548 U.S. at 90 ("Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules."). Because plaintiff has failed to raise a genuine issue of material fact on whether he exhausted administrative remedies as required, defendants are entitled to summary judgment. *See Shaw v. Bohnsack*, No. 23-cv-5-jdp, 2024 WL 688529, at *2 (W.D. Wis. Feb. 20, 2024) (granting summary judgment where a Wisconsin prisoner failed to file an inmate complaint within 14 days of the alleged incident or justify his untimeliness in the inmate complaint). Accordingly, defendants' motion will be granted,

---

[3] The ICE may return a complaint if the inmate did not attempt to resolve the issue informally by "following the designated process specific to the subject of the complaint" before filing it. Wis. Admin. Code § DOC 310.07(1). When the ICE returns a complaint, it must give the inmate the opportunity to "resubmit the complaint after correcting issues noted by the ICE." Wis. Admin. Code § DOC 310.07(5). Thus, if plaintiff had any doubts about the designated process for informal resolution, plaintiff could have submitted his inmate complaint without first completing that process.

plaintiff's motion will be denied, and this case will be dismissed.

Even so, the court will dismiss plaintiff's claim without prejudice. *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004) (noting that all dismissals for failure to exhaust should be without prejudice). This means plaintiff can refile his claim if he can successfully exhaust it, but he will likely find it impossible to file a proper grievance because the relevant events happened too long ago. As a result, his claim may be "indefinitely unexhausted." *Dole*, 438 F.3d at 809.

ORDER

IT IS ORDERED that:

1) The motion for summary judgment for failure to exhaust administrative remedies filed by defendants Donna Johnson and Jenna Parks (dkt. #15) is GRANTED.

2) Plaintiff Gary Abt's cross-motion for summary judgment (dkt. #21) is DENIED.

3) The clerk's office shall enter judgment in favor of the defendants and close this case.

Entered this 13th day of August, 2025.

BY THE COURT:

/s/
_____
WILLIAM M. CONLEY
District Judge